UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles Richard Stone,<br><br>Plaintiff,<br><br>v.<br><br>Lucinda E. Jesson, individually and in her official capacity as Minnesota Commissioner of Human Services, et al.;<br><br>Defendants. | Case No. 11-cv-0951 (WMW/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On June 30, 2017, the Honorable John R. Tunheim, Chief Judge of the United States District Court for the District of Minnesota, issued an order staying "[a]ll current and future civil rights cases brought by an individual or group of individuals who has or have been civilly committed to the Minnesota Sex Offender Program that are sufficiently related to *Karsjens, et al. v. Piper, et al.*, Civil No. 11-3659 (DWF/TNL), . . . pending the litigation in *Karsjens*, or until further order of the Court stating otherwise." (Fourth Amended Order at 31, June 30, 2017 [Doc. No. 81].) This case was stayed because it was deemed sufficiently related to the *Karsjens* case, such that awaiting the outcome of *Karsjens* would "secure the just, speedy, and inexpensive resolution" of this matter. (*See id.* at 30.) The stay was lifted on October 22, 2018, thereby reviving motions that had been pending at the time the stay was entered. Plaintiff Charles Richard Stone's Motion for an Order Requiring MSOP to Allow Plaintiff an Extra Legal Materials Storage Bin

[Doc. No. 62] is now before the Court.

The Court views Stone's motion for an extra storage bin as a request for preliminary injunctive relief. *See Allan v. Piper*, No. 17-cv-5131 (PJS/DTS), 2018 WL 3569850, at *2 (D. Minn. July 2, 2018), *R. & R. adopted*, 2018 WL 3553375 (D. Minn. July 24, 2018). In determining whether to issue a preliminary injunction, courts consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "The threshold inquiry is whether the movant has shown the threat of irreparable injury," and a "failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction." *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987). Indeed, "[o]nce a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted." *Id.* at 420.

The Court finds that Stone has not shown a threat of irreparable harm if he is not given an extra storage bin for his legal materials. Stone already has three storage lockers in his cell, each measuring 3 feet by 1.5 feet, in which he may store legal materials. He has not demonstrated that this amount of storage space is insufficient. Although Stone claims he will need to obtain thousands of pages of documents related to more than twenty-five years of incarceration and civil commitment, he has not shown that all of those documents will be relevant and necessary to the claims he is alleging in this case.

Moreover, Defendants will produce documents in response to Stone's discovery requests in electronic format via MSOP's secure computer network, and Stone will have thirty days to review, print, and/or save the documents to his personal storage on the network, subject to a 600 megabyte limit. (Moonen Aff. ¶ 2 [Doc. No. 69].) Thus, Stone will not need to store those documents in paper form.

Stone also alleges that MSOP staff recently seized a significant amount of legal materials related to this case and prospective litigation during two room searches in December 2016 and March 2017. During those searches, MSOP staff discovered that Stone was not compliant with property limits. Not only was he storing a larger volume of documents than was allowed under MSOP's policies, but he was also storing items such as pictures of young girls; letters written by a child; more than 100 catalogs for gymnastics, swimming, beauty pageants, and other children's activities; and another MSOP client's IRS tax information. (Johnson Aff. ¶¶ 6, 7; Exs. 5, 6 [Doc. No. 70].) The questionable materials were removed, and Stone was allowed to review the rest and decide what to retain. (Johnson Aff. Exs. 5, 6.) MSOP staff removed only legal materials that Stone chose not to retain. Stone has not shown that MSOP's enforcement of property limits irreparably harmed him or poses a threat of irreparable harm in the future. For example, he has not demonstrated that he was prevented from filing a court document or received an adverse ruling due to MSOP's property restrictions. *See Pyron v. Ludeman*, No. 10-cv-3759 (PJS/JJG), 2011 WL 3293523, at *4 (D. Minn. June 6, 2011) (addressing MSOP clients' right-of-access-to-the-courts claim on a motion to

dismiss), *R. & R. adopted*, 2011 WL 3290365 (D. Minn. July 29, 2011), *aff'd sub nom. Hollie v. Ludeman*, 450 F. App'x 555 (8th Cir. 2012).

Because Stone has not shown a threat of irreparable harm if he is not given another storage bin for his legal materials, **IT IS HEREBY RECOMMENDED** that Plaintiff Charles Richard Stone's Motion for an Order Requiring MSOP to Allow Plaintiff an Extra Legal Materials Storage Bin [Doc. No. 62] be **DENIED**.

Dated: December 5, 2018         s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).