UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles Richard Stone,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Lucinda E. Jesson, Dennis L. Benson, Thomas Lundquist, Kevin Moser, David Prescott, and Robert D. Liggett,<br><br>　　　　　Defendants. | Case No. 11-cv-0951 (WMW/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Charles Richard Stone's Second Motion for Class Certification [Doc. No. 118].[1] For the reasons that follow, the Court recommends that the motion be denied.

Plaintiff Charles Richard Stone ("Stone") is a civilly committed sex offender housed at a facility maintained by the Minnesota Sex Offender Program ("MSOP"). (Compl. ¶¶ 7, 24 [Doc. No. 1].) He is representing himself pro se. Stone initiated this lawsuit in April 2011 to challenge Defendants' implementation and application of an MSOP policy governing media possession that was adopted in 2007 ("Media Policy"). (Compl. ¶ 3.) Stone's only claim to survive Defendants' motion to dismiss is an official-

---

[1] The motion was filed by Plaintiff Charles Richard Stone and five proposed intervening plaintiffs. The Court has since denied the proposed intervening plaintiffs' motion to intervene [*see* Doc. No. 135], and thus the Court considers the motion as if it had been filed by Stone alone.

capacity First Amendment claim for prospective injunctive relief. (Am. Order at 17–18, Mar. 17, 2017 [Doc. No. 50].)

This is not Stone's first attempt to certify and represent a class. (*See* Pl.'s Mot. Class Certification, Apr. 27, 2017 [Doc. No. 55].) This Court recommended that Stone's first motion for class certification be denied, and the Court's Report and Recommendation was adopted. (R. & R., May 4, 2017 [Doc. No. 59]; Order, May 25, 2017 [Doc. No. 61].) In recommending that the first motion be denied, this Court explained:

> "It is well settled that pro se litigants . . . are not permitted to maintain class actions . . . ." *Greene v. Hanners*, No. 10-cv-546 (MJD/AJB), 2010 WL 3033762, at *3 (D. Minn. Mar. 25, 2010) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (stating that it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")), *R. & R. adopted sub nom. Giishig v. Hanners*, 2010 WL 3033768 (D. Minn. July 27, 2010). A pro se plaintiff may represent only himself in an action; "he may not litigate the claims of others, including the claims of any putative class." *Jackson v. Dayton*, No. 15-cv-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016), *R. & R. adopted*, 2016 WL 2930913, at *1 (D. Minn. May 19, 2016) (indicating that *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994), "precludes a pro se party from seeking class certification or representing the interests of other litigants").

(R. & R. at 1–2.) The Court recommended that the first motion be denied without prejudice, however, because the Court could not rule out the possibility that a class could be certified. (R. & R. at 2.) Implicit in that ruling was that Stone would need to be represented by counsel in order to succeed in certifying a class. The Court did not leave open the door for Stone to file another motion for class certification while representing himself.

The Court recommends that Stone's second motion for class certification be denied for several reasons.  First, Stone has not identified any basis to reconsider the Court's initial decision not to grant class certification.  Nothing has occurred since that decision to warrant a second look at class certification.  Second, Stone's second motion for class certification depends in large part on his motion for leave to file a class action complaint, which the Court denied.  (Order at 14, Apr. 22, 2019 [Doc. No. 135].)  Thus, many of the class allegations on which Stone relies are not part of this case.

Third, in terms of Federal Rule of Civil Procedure 23(a)(4), it is well-established that Stone cannot fairly and adequately protect the interests of the class precisely because of his pro se status.  "The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class *through qualified counsel*."  *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562–63 (8th Cir. 1982) (emphasis added).  Courts have widely and consistently held that a pro se plaintiff cannot serve as a class representative.  *Allnew v. City of Duluth*, 983 F. Supp. 825, 830 (D. Minn. 1997) (citing *Covington v. Allsbrook*, 636 F.2d 63, 64 (4th Cir. 1980); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Davidson v. Coughlin*, 920 F. Supp. 305, 311 (E.D.N.Y. 1996); *Woods v. Evatt*, 876 F. Supp. 756, 773 (D.S.C. 1995); *Lasley v. Godinez*, 833 F. Supp. 714, 715 n.1 (N.D. Ill. 1993); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988); *Davis v. City of Portsmouth*, 579 F. Supp. 1205, 1208 (E.D. Va. 1983); *Allen v. Brodie*, 573 F. Supp. 87, 89 (D. Md. 1983); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D.

Wis. 1983); *Gray v. Levine*, 455 F. Supp. 267, 268 (D. Md. 1978); *Martin v. Middendorf*, 420 F. Supp. 779, 781 (D.D.C. 1976)).

As the *Allnew* court explained, "the rights and interests of potential class members are of too critical importance to be entrusted to a litigant who is not ably assisted by fully competent legal counsel." *Id.* at 831. Although a pro se litigant "may elect to risk his or her own rights and interests by self-representation, jeopardizing the rights of all who may fall within the putative class is a far more daunting consideration." *Id.* Other courts in this District are in agreement with *Allnew*'s rule and rationale. *See Greene v. Lake*, No. 17-cv-3551 (SRN/KMM), 2018 WL 3105446, at *3 (D. Minn. June 25, 2018); *Jackson*, 2016 WL 2931616, at *1; *Perkins v. Holder*, No. 13-cv-2874 (PAM/FLN), 2014 WL 755378, at *5 n.8 (D. Minn. Feb. 26, 2014); *Greene*, 2010 WL 3033762, at *3; *Smith v. LeBlanc*, No. 02-cv-4100 (ADM/RLE), 2003 WL 23101806, at *2 (D. Minn. Dec. 30, 2003).

This Court likewise concludes that a pro se plaintiff such as Stone cannot serve as a class representative. The numerous declarations of Stone's fellow MSOP clients submitted in support of his motion [*see* Doc. No. 138], though impressive in number, do not change the outcome that the "competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others," *Oxendine*, 509 F.2d at 1407. Stone simply does not have the requisite knowledge or experience to protect the interests of the proposed class.

4

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff Charles Richard Stone's Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23(b)(2) [Doc. No. 118] be **DENIED**.

Dated: May 30, 2019                      s/ *Hildy Bowbeer*
                                         HILDY BOWBEER
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).